THE STATE OF KANSAS, *ex rel. John S. Dawson, as Attorney-general, etc., Plaintiff,* v. E. L. FISCHER, *as Judge of the First Division of the District Court of Wyandotte County, Kansas,* and F. D. HUTCHINGS, *as Judge of the Second Division of the District Court of Wyandotte County, Kansas, Defendants.*

No. 17,967.

HEADNOTE BY THE REPORTER.

MANDAMUS—*County Attorney—Vacancy—Appointment by Two Judges.* In an action for a writ to compel the two district judges of Wyandotte county to confer with a view to the selection and appointment of a county attorney, where each of the respondents answering states he had at all times been willing and still is willing to confer with his associate in an effort to reach an agreement, the writ will not issue on the face of the pleadings.

Original proceeding in mandamus. Opinion filed January 24, 1912. Writ denied.

*John S. Dawson,* attorney-general, for the plaintiff.
*Nathan Cree,* for the defendant.

*Per Curiam:* The county attorney of Wyandotte county resigned. The law provides for the appointment of his successor by the two judges of the district court. (*The State, ex rel., v. Meek,* ante, p. 576, 120 Pac. 555.) The judges after consultation failed to agree and the judge of the first division, acting upon the theory that the statute gave him such authority, named James M. Meek. In the case just cited that appointment was held to be unauthorized and ineffectual. When that case was begun the attorney-general also brought the present proceeding, asking a writ of mandamus to require the two judges to confer together and endeavor to agree in the matter. Each judge answered, stating in effect that he had at all times been willing to meet and confer with the other in an effort to reach an agreement. The judge of the first division added that he had undertaken to make an appointment himself under a belief that the law authorized him to do so, but that he had not refused further conference on the subject with his associate, and would continue in the effort to reach an agreement. if this court should hold their joint action to be necessary to an appointment. The case is submitted for judgment on the pleadings. From this statement it appears that in any view of the law there has been no refusal on the part of either defendant to perform his duty. If the judge of the first division had pleaded a refusal on his part to confer on the matter, justifying his course by the contention that the vacancy had been filled, an issue would have been formed under which the effect of the statute might have been determined in this proceeding. But as, notwithstanding his personal view, he has not declined to take part in negotiations looking to an agreement, he has not omitted to perform any duty required of him. The occasion of the present proceeding as a means for deciding the question of law concerning which there was

a difference of opinion has been removed by its decision in the quo warranto case. For the reasons stated the writ is refused.